**JESSE M. SIEGEL**
233 Broadway, Suite 2701
New York, NY 10279
(212) 207-9009
Attorney for Plaintiff
(JS 7331)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────x

SAMUEL CASTILLO,                      :

              Plaintiff,      :

                                                **COMPLAINT**
        v.                        :  **AND DEMAND FOR**
                                                **JURY TRIAL**

NEW YORK CITY, and JOHN MUNARI,       :
KENNETH MC CANN, and JOHN DOE,
police officers for the               :
City of New York, individually and as
police officers for the City of New York, :

              Defendants.     :
─────────────────────────────────────x


**INTRODUCTION**

    1.   This is an action for damages for the wrongful acts of defendants NEW YORK CITY, and New York City Police Officers JOHN MUNARI, KENNETH MC CANN and JOHN DOE, of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York.

    2.   Plaintiff alleges that beginning on or about May 12, 2010,

1

defendants committed wrongful and illegal acts against plaintiff, including falsely arresting and imprisoning him, maliciously prosecuting him, and violating his Federal and New York State civil rights.

**JURISDICTION**

3. This action is brought under 42 U.S.C. Section 1983 in conjunction with the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

5. Plaintiff further invokes this Court's pendant jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action, pursuant to 28 U.S.C. 1367.

6. Venue is laid within the United States District Court for the Southern District of New York in that some of the actions complained of occurred in the Southern District of New York.

**TRIAL BY JURY**

7. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

8. At all times relevant hereto, plaintiff SAMUEL CASTILLO is and was a resident of Queens County, New York.

9. At all times relevant hereto, defendant NEW YORK CITY was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

10. Defendant JOHN MUNARI is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law.  He is being sued in both his individual and official capacity.

11. Defendant KENNETH MC CANN is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law.  He is being sued in both his individual and official capacity.

12. Defendant JOHN DOE is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law.  He is being sued

in both his individual and official capacity.

13. At all times relevant hereto and in all their actions described herein, defendants MUNARI, MC CANN, and DOE were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

14. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of plaintiff.

**FACTUAL BACKGROUND**

15. On or about May 12, 2010, plaintiff was at work at Helms Brothers Mercedes Benz in Bayside, Queens, when two detectives from the NYPD 17th Precinct in Manhattan, including defendants MUNARI and DOE, arrested him, claiming he had cashed a stolen check in Manhattan. Plaintiff was not, and had not, engaged in any unlawful conduct, including that claimed by the two detectives. He was not in actual or constructive possession of any contraband and was not present in any location where contraband was in plain view.

16. Plaintiff was subsequently arraigned in New York County Criminal Court on or about May 13, 2010, on a felony complaint, docket

number 2010NY035703, charging him with grand larceny in the third degree, identity theft in the first degree, and criminal possession of a forged instrument in the second degree.

17. Plaintiff was released on his own recognizance after spending approximately one day in jail. All charges against him were dismissed on or about August 2, 2010.

18. The arrest, charge, imprisonment and prosecution of plaintiff were the direct results of purposeful and malicious misconduct by defendants MUNARI, MC CANN, and DOE.

19. Defendants MUNARI, MC CANN, and DOE arrested plaintiff for a crime for which there was not probable cause and of which they knew he was innocent.

20. Defendant MUNARI, MC CANN, and DOE knowingly and maliciously made false statements to prosecuting officials regarding plaintiff which directly caused plaintiff to be accused of and prosecuted for a crime of which he was innocent.

21. Defendants MUNARI, MC CANN, and DOE spoke, and decided to falsely charge plaintiff with grand larceny in the third degree, identity theft in the first degree, and criminal possession of a forged instrument in the second degree.

22. At no time did plaintiff commit any acts, or engage in conduct, which in any way justified the actions of the defendants.

23. Defendant NEW YORK CITY knew of the tendency of defendants

MUNARI, MC CANN, and DOE to act in a way that violated the constitutional rights of individuals, and failed to protect plaintiff from such conduct.

24. As a direct and proximate result of the defendants' actions, plaintiff was falsely and illegally arrested and imprisoned and maliciously prosecuted.

25. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

26. Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers, with regard to the rights of individuals, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

27. Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of individuals, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

28. Defendant NEW YORK CITY, as a matter of policy and

6

practice, has with deliberate indifference failed to properly investigate the background, beliefs and attitudes of prospective police officers in order to ensure it hires only police officers that respect and honor the constitutional rights of individuals, thereby causing police, including the defendants in this case, to engage in the unlawful conduct described above.

**COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS**
**(Defendants Munari, McCann and Doe)**

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 of this complaint, as though fully set forth herein.

30. The acts, omissions and conduct of the defendants Munari, McCann and Doe, all members of the New York City Police Department, and acting under color of state law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to be free from false arrest, false imprisonment, and malicious prosecution, and to due process.

31. By these acts, omissions and conduct, these individual defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which the defendants are individually liable.

### COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant New York City)

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-31 of this complaint, as though fully set forth herein.

33. The acts, omissions and conduct of defendant NEW YORK CITY, as set forth above, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights: to be secure in his person and property; to be free from unlawful seizure, false imprisonment, and malicious prosecution; and to due process.

34. By these acts, omissions and conduct, defendant NEW YORK CITY has deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

### COUNT THREE: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (Defendants Munari, McCann and Doe)

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-34 of this complaint as though fully set forth herein.

36. The defendants Munari, McCann and Doe conspired to violate plaintiff's civil rights by agreeing between themselves to

falsely charge him with crimes as described above, in violation of 42 U.S.C. 1983, for which defendants are individually liable.

### COUNT FOUR: FALSE ARREST
### (Defendants Munari, McCann and Doe)

37.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-36 of this complaint, as though fully set forth herein.

38.   The acts, omissions and conduct of defendants Munari, McCann and Doe, as alleged above, constitute false arrest under the laws of the State of New York.  This Court has pendant jurisdiction to hear and adjudicate such claims.

### COUNT FIVE: FALSE IMPRISONMENT
### (Defendants Munari, McCann and Doe)

39.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-38 of this complaint, as though fully set forth herein.

40.   The acts, omissions and conduct of defendants Munari, McCann and Doe, as alleged above, constitute false imprisonment under the laws of the State of New York.  This Court has pendant jurisdiction to hear and adjudicate such claims.

**COUNT SIX: MALICIOUS PROSECUTION**
**(Defendants Munari, McCann and Doe)**

41.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-40 of this complaint, as though fully set forth herein.

42.   The acts, omissions and conduct of defendants Munari, McCann and Doe, as alleged above, constitute malicious prosecution under the laws of the State of New York.  This Court has pendant jurisdiction to hear and adjudicate such claims.

**COUNT SEVEN: RESPONDEAT SUPERIOR LIABILITY**
**(Defendant New York City)**

43.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-42 of this complaint, as though fully set forth herein.

44.   At all times pertinent hereto, defendants Munari, McCann and Doe were acting within the scope of their employment as officers of the New York City Police Department.

45.   Defendant NEW YORK CITY, through its agents, expressly authorized the individual defendants Munari, McCann and Doe to violate plaintiff's constitutional rights, as described above; knew, through its agents, that the defendant officers had a propensity for committing such illegal acts in the line of duty, and acquiesced in the defendants' wrongful conduct.

46. Defendant NEW YORK CITY is thus liable under the doctrine of respondeat superior, for the intentional torts of defendants Munari, McCann and Doe, committed within the scope of their employment.

## COUNT EIGHT: NEGLIGENCE
### (Defendants Munari, McCann and Doe)

47. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-46 of this complaint, as though fully set forth herein.

48. The defendants Munari, McCann and Doe, while acting as agents and employees for New York City, owed a duty to plaintiff to perform their duties without violating plaintiff's constitutional rights. Defendants' illegal arrest and detention of plaintiff constitutes negligence for which these defendants are individually liable.

## COUNT NINE: NEGLIGENCE
### (Defendant New York City)

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-48 of this complaint, as though fully set forth herein.

50. Defendant NEW YORK CITY owed a duty to plaintiff to adequately screen prospective police officers, and to train,

supervise and otherwise control its police officers in the use of their powers incidental to their employment.  Defendant NEW YORK CITY failed to provide adequate screening, training, supervision, and control of the individual defendants, which failure constitutes negligence.

**WHISEFORE**, Plaintiff requests the following relief:

a. Compensatory damages in the amount of TWO HUNDRED FIFTY THOUSAND (250,000) DOLLARS.

b.  Punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND (250,000) DOLLARS.

c.  Reasonable attorneys fees and costs; and

d.  Such other and further relief as appears reasonable and just.

DATED:  New York, New York
        May 7, 2013

> /s/
> Jesse M. Siegel (JS 7331)
> Attorney for Plaintiff
>
> 233 Broadway, Suite 2701
> New York, NY 10279
> 212-207-9009

12